UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 18, 2021

Hinginio Ventura
Inmate #71824050
FCI Cumberland
Cumberland, MD 21501
*Pro Se Defendant*

Cassye Cole, Esq.
Assistant United States Attorney
United States Attorney District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *United States v. Hinginio Ventura*
**Criminal Action No. 18-412 (SDW)**

Litigants:

Before this Court is *pro se* Defendant Hinginio Ventura's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). (D.E. 33.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in [their] term of imprisonment bears the burden of establishing both that [they have] satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

### B.

On May 14, 2019, Defendant pled guilty to possessing with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (D.E. 21.) On June 15, 2020, Defendant was sentenced to 33 months imprisonment and four years of supervised release. (D.E. 32, 35.) Defendant is currently serving his sentence at Federal Correction Institution Cumberland ("FCI Cumberland") in Cumberland, Maryland. (D.E. 33, 36-2.)

Defendant requested compassionate release from the warden at FCI Cumberland November 11, 2020. (D.E. 36-2.) His request was denied on January 7, 2021. (D.E. 36-3.) On January 22, 2021, Defendant appeared *pro se* and moved this Court for compassionate release under the FSA due to: 1) the spread of the COVID-19 virus in the federal prison system; and 2) Defendant's asthma and diabetes, which he contends make him "more vulnerable than most to complications" from COVID-19. (D.E. 33.) The Government opposed on May 10, 2021. (D.E. 36.)

### C.

Defendant, a thirty-five year old man, contends that his asthma and diabetes make him more vulnerable to becoming seriously ill should he contract COVID-19. (D.E. 33.) Because

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

Defendant's medical records contain no reference to his being diabetic, this Court relies solely to Defendant's claim that he suffers from asthma when reviewing his motion.[2] According to the Centers for Disease Control and Prevention ("CDC"), people with moderate to severe asthma "can be . . . more likely to get severely ill from COVID-19," but they are not definitively at an increased risk. *See* CDC, *People with Certain Medical Conditions* (last updated April 21, 2021), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html*. Defendant's BOP medical records indicate that he self-reported suffering from asthma since childhood and was prescribed an inhaler during his time in jail, but the severity of his condition is not documented. (*See* D.E. 36-4 at 40; D.E. 35 at 23-24.) On April 1, 2021, Defendant reported have trouble breathing, but the treating physician noted that he was not in respiratory distress, had non-labored breathing, and that his pulmonary capacity was within normal limits. (*Id.* at 2-3.) Defendant has had no other documented asthmatic incidents during his incarceration.

Although this Court is sympathetic to Defendant's medical concerns regarding possible complications caused by COVID-19, and considered them during sentencing, (*see* D.E. 35 at 26-28), even assuming he suffers from moderate to severe asthma, it will not grant his application because he has not established that "compelling and extraordinary reasons" justify his release. *See Epstein*, 2020 WL 1808616, at *2; *see also United Stats v. Tull*, Crim. No. 15-622, 2020 WL 6381250, at *3 (D.N.J. Oct. 20, 2020) (finding defendant's asthma and other health conditions did not constitute "extraordinary and compelling" reasons justifying compassionate release); *United States v. Gore*, Crim. No. 10-250, 2020 WL 3962269, at *3–5 (D.N.J. July 13, 2020) (finding that defendant's obesity, asthma, and other factors did not constitute "extraordinary and compelling reasons that would justify his compassionate release"); *United States v. Zaffa*, Crim. No. 14-050, 2020 WL 3542304, at *2 (D.N.J. June 29, 2020) (denying motion for compassionate release where defendant suffered from chronic asthma); *United States v. Govil*, Crim. No. 18-607, 2020 WL 2992162, at *2 (D.N.J. June 4, 2020) (denying an asthmatic defendant's motion for compassionate release, noting "that multiple courts have denied release to older inmates and asthmatic inmates despite the risk of COVID-19"). In addition, Defendant was offered and refused the COVID-19 vaccine, and his refusal to engage in basic self-care undercuts Defendant's argument that compassionate release is required to protect his health and well-being. *See, e.g.*, *United States of Am. V. Sterline Reneva Rivers*, Crim. No. 11-194, 2021 WL 1946644, at *4-5 (M.D. Tenn. May 14, 2021) (finding that defendant failed to meet his burden to show compelling and extraordinary reasons justifying his release where he refused the COVID-19 vaccine") (collecting cases). "To be clear, the Court does not purport to lecture Defendant that he should or should not take the vaccine; this is a personal choice for Defendant to make as he sees fit. What the Court is saying, rather, is that when a movant insists that his health and well-being require that he be (compassionately) released from incarceration to counter the risk of COVID-19, such insistence rings hollow when the movant is unwilling to counter that risk by resorting to something far more

---

[2] Although Defendant also referenced having suffered a seizure in his request to the Warden of FCI Cumberland, he did not raise that issue in his motion to this Court. (*See* D.E. 36-2.)

ordinary – taking the vaccine – than the extraordinary remedy of compassionate release he seeks. *Id.* at *5.[3]

Even if this Court were to find that Defendant's asthma constituted an extraordinary and compelling reason for release, it would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. Defendant pled guilty to possessing with intent to sell over 100 grams of heroin. Early release would not "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," or deter Defendant or others from similar conduct. *See* 18 U.S.C. §§ 3553(a)(2)(A); *see also* D.E. 35 at 16-19 (discussing factors considered in imposing Defendant's sentence, including Defendant's criminal history). As a result, this Court cannot grant Defendant the relief he seeks.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. Should a change in circumstances so require, Defendant may renew his motion. An appropriate order follows.

              /s/ Susan D. Wigenton
          **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties

---

[3] FCI Cumberland is in the process of vaccinating its staff and inmate population and currently has fully vaccinated 180 staff members and 410 inmates. *See* https://www.bop.gov/coronavirus/ (last visited May 17, 2021). There are currently no inmates, and only two staff members, at the facility with a confirmed active case of COVID-19 and no deaths reported for either group. *Id.* Having reviewed the safety protocols and procedures instituted by the Bureau of Prisons, *see* Bureau of Prisons, (last visited May 17, 2021), *https://www.bop.gov/coronavirus/*, this Court finds that Defendant's risk of serious illness or death is not substantially higher simply because he is in custody.